JANET MARTIN et al.                                                    PLAINTIFFS

v.                                                  Civil Action No. 3:19-cv-187-RGJ

VALERIE SHANNON et al.                                                DEFENDANTS

* * * * *

## MEMORANDUM OPINION

*Pro se* Plaintiff Janet Martin initiated the instant action by filing a complaint. She and another Plaintiff, Eric Martin, filed an amended complaint. Because Plaintiffs are proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint and amended complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff Janet Martin filed her complaint on a civil complaint form, naming as Defendants "probate administrator" Valerie Shannon, Oldham County Valuation Administrator, and "Oldham County Clerk (Deeds Room)." On the complaint form, Plaintiff Janet Martin indicated that she brings this action under federal-question jurisdiction. In the portion of the complaint form in which to state the basis for federal-question jurisdiction, Plaintiff Janet Martin stated: "Flopping deeds getting exemption I beleave from multiple people from oil rights from my mother. False representation in probate matters. Embezzling money from my family. Detach from my home. Harassment and its in court records Dec. 1997." In the statement-of-the-claim portion of the complaint, she stated: "Jerry Clark flip deeds in Oldham Co. money

embezzle at Louisville. Harassment false representation getting exemption from multiple people from conventional oil that is own by my family Helen McCray/Helen Stewart and Tommy Lee Martin and is in court records Dec. 1997 Helen Stewart v. Elmer Murphy."

The Court entered an Order giving Plaintiff Janet Martin an opportunity to set forth any federal-law or constitutional provision(s) she invokes to establish this Court's federal-question jurisdiction. In response, Plaintiffs filed an amended complaint (DN 9), adding Eric Martin as a Plaintiff, as well as the following additional Defendants: the Louisville Metro Police Department, the University of Louisville, Jerry Clark, Mary Murray, Heather Smith, and Joann Fletcher. The amended complaint states in the portion of the form for setting out the basis for federal-question jurisdiction: "civil right, tort, ownership of property land, money, fraud, embezzlement, boycotting taxes, abuse of power, invasion of privacy, Daniel Blanton texas oil also boycotting insurance fraud unions 897101 typoing I.D. information typing; insurance company information."

As relief, Plaintiffs ask for:

Character assassination[,] Abuse of power[,] emotional pain and anguish of property tort boycotting taxes Helen Stewart house replace or fix asking 200 million for pain and damages to property due to tort laws of the government and body harm and health also it's on going to be fix, to help gain control over our life. Also earnings from Tommy Lee Martin.

## II. <u>ANALYSIS</u>

Because Plaintiffs are proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally

frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Federal-question jurisdiction of the federal courts is set forth in 28 U.S.C. § 1331. Under § 1331, the district courts are granted "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A plaintiff must plead sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Here, Plaintiffs' amended complaint refers to "due process," a constitutional right a violation of which may be the basis of a claim under 42 U.S.C. § 1983.

Specifically, the amended complaint refers to due process in paragraph 15:

William (Billy) Clark got in on property deal 2006 with Jerry Clark to scam Helen under doctor care (mesh) to fix there mistakes gain control over promise note own by Helen McCray aka Helen Stewart. Surgery date 9-11-06 as Kentucky state

3

> government is typing misspelling (due process) to throw federal off on I.D., address, all methods and accounts in state system.

Also, in paragraph 21, the amended complaint refers to "due process." That paragraph, which appears to refer to a "scam" involving the use of a notary stamp, states in pertinent part, "go back on due process with accounts (Sun Valley) insurance policy union's prepaid account etc. by misspelling typo threw state system."

Reading Plaintiffs' complaint liberally, as this Court must, *see, e.g.*, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court finds that Plaintiffs allege a § 1983 claim. However, the Court finds that this claim is time-barred.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[,] and [ ] a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183 (internal quotation marks and citation omitted). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

In addition to the above reference to a 2006 property deal, the amended complaint makes the following references to dates: "land sold away in court records Dec. 12, 1997"; "tort is been life long date of event 3-1-09"; "also after Emmet McCray funeral when called by Cindy Mendoza 10-18-16 (around the date) added to the pain of anguish"; a reference to "kickback on

social security in the 90's around 97-98"; and a phone call to the Oldham County PVA in 1997. Nothing in Plaintiffs' complaint suggest that any alleged due-process violations occurred within one year of the filing of the instant action. Thus, Plaintiffs' due-process claims are barred by the one-year statute of limitations.

Because the Court finds that to the extent the complaint and amended complaint assert claims under § 1983 such claims must be dismissed as time-barred, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' state-law claims. *See* 28 U.S.C. § 1367(c). The state-law claims will be dismissed without prejudice.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: August 21, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc:     Plaintiffs, *pro se*
        Defendants
A961.009

5